**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VALERIE FLORES,

         Plaintiff,

   v.

               No. 1:25-CV-1730
LIBERTY MUTUAL INSURANCE and     (AMN/PJE)
ENTERPRISE RENT-A-CAR a/k/a
ENTERPRISE HOLDINGS,

         Defendants.

**APPEARANCES:**

Valerie Flores
P.O. Box 1110 ACP 5749
Albany, New York 12201
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

  Pro se plaintiff Valerie Flores ("Plaintiff") commenced this action on December 10, 2025, with the filing of a complaint.  *See* Dkt. No. 1.[2]  Plaintiff has not paid the filing fee and seeks leave to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.[3]  The undersigned has reviewed plaintiff's IFP application and determines that she financially

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] On February 4, 2026, this Court implemented a prefiling injunction stating that plaintiff may not commence any new actions in this District without proper permission of the chief judge, as well as a revocation of her MFT privileges. *See* 1:26-pf-0001 (BKS), *In re Valerie Flores.*  As this action was commenced before the entry of that prefiling injunction, it does not apply to this case.

[3]  Plaintiff also filed a motion for appointment of counsel.  *See* Dkt. No. 3.

qualifies to proceed IFP.[4]  Plaintiff generally alleges that defendants Enterprise Rent-A-Car  stole her personal belongings out of a rental car and charged her for the rental of the vehicle, despite her claim that her automobile insurance company, defendant Liberty Mutual Insurance, was required to pay for the rental, which she alleges they have not done.  *See* Dkt. No. 1.  For the reasons set forth below, it is recommended that plaintiff's complaint be dismissed without prejudice and without opportunity to amend

## I.  **Initial Review**

### A.  **Legal Standards**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[5]  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be

---

[4] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs that could be incurred in this matter.

[5] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[6] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec.

---

[6] Hereafter, "Fed. R. Civ. P."

13, 2019) (quoting *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir. 1994)).[7]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Further, notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Uzoefune v. Am. Auto Shield, LLC,* No. 18CV03441, 2018 WL 5624149, at *2 (E.D.N.Y. Oct. 30, 2018) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000)).[8]

## II. Discussion

### A. **Plaintiff's Complaint**[9]

Affording Plaintiff special solicitude, she alleges that defendant corporation Enterprise Rent-A-Car stole her personal belongings out of a rental car and charged her for the rental of the vehicle. *See* Compl.  She further alleges that Liberty Mutual Insurance failed in its duty to reimburse her for the cost of the rental. *See* Dkt. No. 1 at 4.  Her complaint alleges diversity of citizenship as a basis for federal court jurisdiction. *See id.* at 3.

In support of her asserted basis for diversity jurisdiction, plaintiff alleges that she is a citizen of New York, and that defendants are citizens of Missouri and Massachusetts.

---

[7] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.  The Court does not provide a copy of *Katsner*, as it has been provided with several decisions in plaintiff's other cases.

[8] The Court does not provide a copy of *Uzoefune* as it provided it to plaintiff along with its Report-Recommendation & Order in *Flores v. Carry-On Trailer, et al.*, 1:25-CV-1731 (AMN/PJE), Dkt. No. 12-1.

[9] Plaintiff included a copy of a Participant Identification Card with her complaint.  *See* Dkt. Nos. 1-1.  This attachment has also been reviewed in connection with the initial review of plaintiff's complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

*See* Dkt. No. 1 at 2-3.  Plaintiff alleges the amount in controversy is "$6,000-$8,000" and she demands immediate reimbursement. *See id.* at 4, 5.

## B.  **Analysis**

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  "A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Koso v. Haegele*, No. 18-CV-04400, 2018 WL 6531496, at *2 (E.D.N.Y. Dec. 11, 2018) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006)).[10]  Additionally, section 1332 provides that district courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

Reading plaintiff's *pro se* complaint liberally, she has failed to present a federal question.  Her allegations of "theft," "fraud," "possibly identity theft," and a possible breach-of-contract claim against Liberty Mutual Insurance do not arise under the Constitution, laws, or treaties of the United States.  "The Court cannot find subject matter jurisdiction based solely on Plaintiff's purported federal claim, which is neither well-pleaded nor factually supported." *Holmes v. Parade Place, LLC*, No. 12 CIV. 6299, 2013 WL 5405541, at *3 (S.D.N.Y. Sept. 26, 2013).  The undersigned next assesses whether plaintiff can state a claim pursuant to this Court's diversity jurisdiction.

---

[10] The Court does not provide a copy of *Koso* as it provided it to plaintiff along with its Report-Recommendation & Order in *Flores v. Carry-On Trailer, et al.*, 1:25-CV-1731 (AMN/PJE), Dkt. No. 12-1.

Plaintiff's complaint suggests that she resides in a different state than that of either defendants' place of incorporation.  Specifically, she alleges that defendant Liberty Mutual Insurance has an address in Boston, Massachusetts.[11]  Similarly, plaintiff provides an address for Enterprise Rent-A-Car in St. Louis, Missouri.[12]   Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).[13]  Although plaintiff has arguably established complete diversity of citizenship, *Owen Equip. & Eriction Co. v. Kroger*, 437 U.S. 365, 373 (1978), she has failed to establish the amount in controversy requirement.

Plaintiff expressly seeks to recover damages between $6,000 and $8,000.  From her description of her damages, "there is legal certainty" that the amount in controversy does not meet the threshold of $75,000.  *Deswert v. Travelers Commercial Ins. Co.*, No. 6:24-CV-00278 (AMN/TWD), 2025 WL 416765, at *4 (N.D.N.Y. Feb. 6, 2025) (citing *GW Holdings Grp. LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019) (summary order)). The undersigned therefore concludes that plaintiff has not established a basis for diversity jurisdiction.   Given the limited jurisdiction of federal courts, the Court is constrained to remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Given this Court's lack of subject matter jurisdiction is clear, amendment would be futile.

---

[11]  An internet search confirms that Liberty Mutual's Principal Place of business is in Boston, Massachusetts.

[12] Plaintiff appears to be naming a specific branch in St. Louis, as she refers to the "Taylor Family."  *See* Dkt. No. 1.  An internet search provides that Enterprise Rent-A-Car has a principal place of business in Clayton, Missouri.

[13] Although not reaching the venue issue here, the undersigned notes the complaint also fails to allege any conduct occurred in the Northern District of New York.

III. **Conclusion**

**WHEREFORE**, for the reasons stated herein, it is hereby:

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without opportunity to amend** for lack of subject matter jurisdiction; and it is further

**RECOMMENDED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DISMISSED as moot**; and it is

**RECOMMENDED**, that defendant Liberty Mutual Insurance's Motion to Dismiss (Dkt. Nos. 8, 11) be **DISMISSED as moot**[14]; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[15]

---

[14]  The undersigned observes that defendant Liberty Mutual Insurance filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, yet, this Court had not yet ruled on plaintiff's pending in forma pauperis application, and, thus, never approved service on defendant.  *See* 28 U.S.C. § 1915.

[15] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.

Date:    April 30, 2026
         Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

*See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).