UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VALERIE FLORES,

      Plaintiff,

v.               1:25-cv-01730 (AMN/PJE)

LIBERTY MUTUAL INSURANCE and
ENTERPRISE RENT-A-CAR a/k/a
ENTERPRISE HOLDINGS,

      Defendants.

---

**APPEARANCES:**         **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, New York 12201
Plaintiff *pro se*

**JAFFE & ASHER LLP**       **MARSHALL T. POTASHNER, ESQ.**
445 Hamilton Avenue – Suite 405
White Plains, New York 10601
*Attorneys for Defendant*
*Liberty Mutual Insurance*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.   INTRODUCTION**

On December 10, 2025, Plaintiff *pro se* Valerie Flores commenced this action against Liberty Mutual Insurance ("Liberty Mutual") and Enterprise Rent-A-Car ("Enterprise") (together, "Defendants") alleging that Enterprise stole her personal belongings out of a rental car and charged her for the rental of the vehicle, and claiming that Liberty Mutual, her automobile insurance company, was required to pay for the rental. *See* Dkt. No. 1 ("Complaint"). Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on April 30, 2026, granted Plaintiff's motion for leave to proceed IFP and recommended that Plaintiff's Complaint be dismissed without prejudice and without leave to amend. *See* Dkt. No. 14 at 7 ("Report-Recommendation").[1] Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* Plaintiff filed objections on May 18, 2026. Dkt. No. 15.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

3

### III.    DISCUSSION

Plaintiff's objections identify no error in Magistrate Judge Evangelista's findings or recommendations. *See generally* Dkt. No. 15. Accordingly, because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1.

Magistrate Judge Evangelista recommended that this Court dismiss the Complaint without prejudice for lack of subject matter jurisdiction. *See* Dkt. No. 14 at 5-6; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Specifically, with respect to federal question jurisdiction, Magistrate Judge Evangelista found that "allegations of 'theft,' 'fraud,' 'possibly identity theft,' and a possible breach-of-contract claim against Liberty Mutual . . . do not arise under the Constitution, laws, or treaties of the United States." Dkt. No. 14 at 5 (citing, *inter alia*, 28 U.S.C. § 1331 (stating that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States")). Accordingly, the Court finds no clear error in the Report-Recommendation's determination that the Complaint asserts no basis for federal question jurisdiction.

Magistrate Judge Evangelista also concluded that Plaintiff failed to establish a basis for diversity jurisdiction. *Id.* at 6. Diversity jurisdiction lies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States[.]" *See* 28 U.S.C. § 1332(a)(1). Specifically, Magistrate Judge Evangelista found that Plaintiff "arguably established" complete diversity of citizenship between all the Parties, as Plaintiff alleges that she is a citizen of New York and that Defendants are citizens of Missouri and

Massachusetts.  *See* Dkt. No. 14 at 4-6 (citing, *inter alia*, Dkt. No. 1 at 2-3 (alleging that Liberty Mutual has an address in Boston, Massachusetts and Enterprise has an address in St. Louis, Missouri)); *see also* 28 U.S.C. § 1332(c)(1) (noting that a corporation is deemed to be a citizen of the state where it has been incorporated and the state where it has its principal place of business).

However, Magistrate Judge Evangelista concluded that the amount in controversy does not meet the threshold of $75,000, as Plaintiff "expressly seeks to recover damages between $6,000 and $8,000."  Dkt. No. 14 at 6 (citing *Deswert v. Travelers Com. Ins. Co.*, No. 24-cv-278 (AMN/TWD), 2025 WL 416765, at *4 (N.D.N.Y. Feb. 6, 2025) (finding "'legal certainty' that the $70,000 stated on the face of the [c]omplaint does not exceed the $75,000 jurisdictional threshold" (citations omitted))); *see also* Dkt. No. 1 at 4 (alleging that Enterprise stole approximately $6,000 worth of Plaintiff's personal belongings and charged her debit card approximately $1,700). Accordingly, the Court also finds no clear error in the Report-Recommendation's determination that the action fails to meet the requirements for diversity jurisdiction.

Finally, the Court finds no clear error with respect to Magistrate Judge Evangelista's recommendation that the Complaint be dismissed without leave to amend.  *See* Dkt. No. 14 at 6 (noting that any amendment would be futile, as the Court's lack of subject matter jurisdiction is clear).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 14, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for the appointment of counsel, Dkt. No. 3, be **DISMISSED as moot**; and the Court further

**ORDERS** that Defendant Liberty Mutual's motion to dismiss, Dkt. Nos. 8, 11, be **DISMISSED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 22, 2026
      Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge